**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BEACON FISHERIES, INC.,
a Florida corporation,

        Plaintiff,

vs.                                             Case No. 3:11-cv-495-J-32MCR

C.H. ROBINSON WORLDWIDE, INC.,
a Foreign corporation, and
O TRUCKING & TRANSPORT, INC.,
a Florida corporation,

        Defendants.

**ORDER**

This case came before the Court for a hearing on pending motions and for a Final Pretrial Conference on July 25, 2012. The Court incorporates by reference the complete discussion of the issues held at the July 25 hearing.

Plaintiff Beacon Fisheries, Inc., (Beacon) initially filed its complaint against Defendant C.H. Robinson Worldwide, Inc., (Robinson) in the Fourth Judicial Circuit Court of Florida on April 11, 2011. See Complaint for Damages (Doc. 8-3), at 1. Robinson filed its Notice of Removal (Doc. 1) on May 17, 2011. Beacon filed its unopposed Amended Motion for Leave to Amend Complaint and Add a Party (Doc. 18; Amended Motion for Leave to Amend) on September 21, 2011. Beacon sought to add O Trucking & Transport, Inc. (OTT), a Florida corporation, as a defendant. See Amended Motion for Leave to Amend at 1. Beacon alleged claims against OTT pursuant to the Carmack Amendment to the Interstate Commerce Act. See id. The Court

granted Beacon's Motion, allowing Beacon to add OTT as a defendant on the basis of federal question subject matter jurisdiction. See Order Granting Motion for Leave to File (Doc. 19); Amended Complaint for Damages (Doc. 20) at 1, 3-4. OTT failed to respond, and Beacon obtained an entry of default against OTT. See Clerk's Entry of Default (Doc. 27).

Subsequently, the Court determined that the Carmack Amendment did not apply to this case because the cargo at issue – frozen fish – is specifically exempted from coverage under the Interstate Commerce Act. See Order (Doc. 43). Beacon then filed its Motion to Remand the Action Back to State Court (Doc. 46; Motion to Remand), arguing that the Court was obligated to remand the case because it had allowed joinder of a nondiverse party. Robinson filed a memorandum opposing this motion (Doc. 47).

District courts have the power to drop parties in order to retain jurisdiction as justice requires. Fed. R. Civ. P. 21. The Court may do this on a party's motion or on its own. Id. "Courts have employed Rule 21 to preserve diversity jurisdiction by dropping a nondiverse party not indispensable to the action under Rule 19." Fritz v. Am. Home Shield Corp., 751 F.2d 1152, 1154 (11th Cir. 1985). A court may drop a party at any time, although it should consider whether doing so would unfairly prejudice any party. See Newman-Green v. Alfonzo-Larrain, 490 U.S. 826, 838 (1989); Ingram v. CSX Corp., 146 F.3d 858, 862 (11th Cir. 1998).

Here, OTT is not an indispensable party. Rule 19 of the Federal Rules of Civil Procedure describes the criteria for determining whether a party is indispensable. Under Rule 19, a party is indispensable if

> (A) in that person's absence, the court cannot afford complete relief among the existing parties; or
> (B) that person claims an interest relating to the subject of the action

> and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed.R.Civ.P. 19(a)(1). Beacon can obtain complete relief from Robinson. Moreover, OTT claims no interest relating to the subject of the action; indeed, it has failed to even respond to the current lawsuit. Further, dismissing OTT from the lawsuit would not prejudice any party. The statute of limitations for Beacon's claims against OTT has not expired, so Beacon can refile these claims in state court with minimal expense and effort. Moreover, this case is otherwise ready for trial, and to remand it now at the behest of Beacon (which sponsored the ill-fated joinder of OTT in the first place) would cause undue prejudice to all concerned. As such, the Court will dismiss OTT in order to preserve complete diversity in this case.

For the reasons stated at the hearing, Robinson's Motion for Summary Judgment is due to be denied, as genuine issues of material fact still remain.

It is hereby

**ORDERED**:

1. Plaintiff Beacon Fisheries, Inc.'s Motion to Remand (Doc. 46) is **DENIED**.

2. The Court will sever and dismiss defendant O Trucking & Transport, Inc., without prejudice to Beacon refiling the case against OTT in state court. The Clerk shall terminate OTT as a party and terminate the motion for default judgment (Doc. 41).

3. Defendant C.H. Robinson Worldwide, Inc.'s Motion for Summary Judgment (Doc. 33) is **DENIED**. The case is hereby referred to the Honorable Monte C. Richardson, United

States Magistrate Judge, with his consent, to conduct a settlement conference. Counsel should contact Judge Richardson's chambers at (904) 301-6740 to coordinate the date and time for the settlement conference.

4. The parties are urged to take full advantage of this opportunity to amicably resolve the issues herein. Should settlement efforts prove unsuccessful, the Court will issue a separate Order setting the case for a bench trial in October.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of July, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

i18
Copies:

The Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of record